IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SANDRA CASTRO, | * |
| Plaintiff | * |
| v. | *   CIVIL NO. JKB-16-2779 |
| CENTRE PARK GRILL, LLC, *et al..*, | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is the parties' joint motion for approval of a settlement agreement in this case based upon the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.* (LexisNexis 2008), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab & Empl. § 5-301 *et seq.* (ECF No. 21.) For the following reasons, the motion will be held in abeyance pending submission of a revised, signed settlement agreement.

The Court initially reviewed the motion and the attached settlement agreement and found a significant discrepancy in the amount of attorney's fees between the two; consequently, counsel were directed to submit a revised motion and/or settlement agreement for the Court's consideration. (Dec. 20, 2016, Letter Order, ECF No. 22.) The settlement agreement and the motion's supporting memorandum both say that Defendants will pay Plaintiff Castro the gross sum of $15,682.50 in full settlement of her claims. (Sett. Agrmt., ECF No. 21-2; Mot. Supp. Mem. ("Mot.") 2, ECF No. 21-1.) However, the motion says the amount of $3,920.63 in attorney's fees and $315.00 in costs will be subtracted from the gross sum (Mot. 2-3), and the

settlement agreement says the amount of $5,227.50 in attorney's fees will be deducted from the gross sum (Sett. Agrmt. 1).  The settlement agreement is silent with respect to costs.  According to the motion, Castro will receive $11,446.87 before taxes (Mot. 2); but according to the settlement agreement, she will receive only $10,455.00 (Sett. Agrmt. 1).

In response to the Court's directive, counsel have submitted a revised memorandum to explain the discrepancy.  (Rev. Mem., ECF No. 23.)  Although the Court appreciates counsel's attempt to reassure the Court that the figures set forth in the Motion govern the settlement, and the Court does not doubt counsel's good intentions, it is nevertheless necessary for the agreement signed by Plaintiff to match the representations made in the Motion.  Once a correct, signed settlement agreement has been docketed, the Court expects to grant the Motion as the agreement is otherwise acceptable, as are the figures propounded in the Motion.

Counsel are directed to submit the foregoing by January 6, 2017.

DATED this 21st day of December, 2016.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge